

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LYDIA SANCHEZ,

    Plaintiff,

v.                                      CIVIL NO. 99-892 BB/DJS

KENNETH APFEL,
Commissioner of Social Security,

    Defendant.

## MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is a complaint for judicial review of a decision of the Defendant adverse to the Plaintiff. This matter is before the Court upon Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(d). Plaintiff seeks authorization to proceed without prepayment of the filing fee, costs, or security for costs.

A trial court has wide discretion in denying pauper status under §1915, especially in civil cases. Flowers v. Turbine Support Division, 507 F.2d 1242, 1244 (5th Cir. 1975). "That discretion is limited to a determination of the poverty and good faith of the applicant and the

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the clerk of the district court within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

1



meritorious character of the cause in which the relief was asked." Dillard v. Liberty Loan Corp., 626 F.2d 363, 364 (4th Cir. 1980)(quoting Kinney v Plymouth Rock Squab Co., 236 U.S. 43, 46 (1915).

In this instance, Plaintiff has not established that she is entitled to *in forma pauperis* status. Plaintiff's economic situation is such that she should be required to submit the fees necessary to proceed with the action. Leave to proceed *in forma pauperis* should not be granted by the Court unless it reasonably appears that the cost of filing would be beyond a plaintiff's means. Carroll v. United States, 320 F.Supp. 581 (S.D.Tx. 1970). However, indigence for the purpose of proceeding as a pauper is not synonymous with absolute destitution. Adkins v. E.I. DuPont De Nemours, 335 U.S. 331 (1948).

The court held an evidentiary hearing on August 31, 1999. Plaintiff's amended affidavit in support of her motion states that the family's income is her husband's salary of $2,000 per month. However, Plaintiff testified that in their 1998 income tax return her husband's salary was listed as $34,000. There were other discrepancies in Plaintiff's amended affidavit and her testimony. In the amended affidavit Plaintiff stated that her family owned one automobile. At the hearing she testified her family owned two additional vehicles, a 1997 Ford truck and a GMC truck which was not operational. In the amended affidavit, Plaintiff states she has approximately $43,000 in equity in her home. The court also notes that the debts listed by the Plaintiff are credit card obligations and loans in the amount of $20,000.

## Recommended Disposition

For these reasons, I recommend that Plaintiff's application to proceed *in forma pauperis* be denied.

_____
DON J. SVET
UNITED STATES MAGISTRATE JUDGE